Mark A. SHORES, Petitioner,

v.

DEPARTMENT OF THE AIR FORCE, Respondent.

No. 00–3347.

United States Court of Appeals, Federal Circuit.

Feb. 9, 2001.

Before RADER, Circuit Judge, PLAGER, Senior Circuit Judge, and DYK, Circuit Judge.

PER CURIAM.

The Merit Systems Protection Board dismissed Mark A. Shores' appeal. Because the Board correctly concluded that it lacked jurisdiction to hear Mr. Shores' appeal, this court *affirms*.

## I.

Mr. Shores worked for the Department of the Air Force as a Supervisory Personnel Management Specialist from August 1995 until May 1999. In June 1997, Mary Quandt became Mr. Shores' supervisor. Before the Board, Mr. Shores asserted that Ms. Quandt created a hostile, intimidating, non-supportive work environment. In support of this assertion, Mr. Shores submitted a timeline illustrating workplace incidents involving Ms. Quandt between October 1997 and August 1998. The alleged incidents included, for example, Ms. Quandt giving Mr. Shores low job performance ratings and criticizing him. Mr. Shores' descriptions are short, and many descriptions do not reveal the relevance of the described incident. For example, one timeline entry reads, "Cupcake incident." In a May 1998 entry, Mr. Shores alleges that Ms. Quandt commented, "Men can't handle detail work."

Mr. Shores also alleged that Ms. Quandt told him she was considering placing him on a performance improvement plan. Such a plan is a prerequisite to possible demotion or removal based on unsatisfactory performance. In May 1999, before the performance improvement plan began, Mr. Shores accepted a lower grade position at a different Air Force base.

Mr. Shores appealed to the Board in 1999, claiming that Ms. Quandt's actions coerced him into accepting the lower-grade position. An administrative judge found that neither the incidents on Mr. Shores' timeline nor the threatened performance improvement plan, even if proven, would show that Mr. Shores involuntarily accepted a lower-grade position. Accordingly, the administrative judge dismissed the appeal for lack of jurisdiction without holding an evidentiary hearing. The Board denied Mr. Shores' petition for review of the administrative judge's decision. Mr. Shores appeals. This court has jurisdiction under 28 U.S.C. § 1295(a)(9) (1994).

## II.

This court affirms Board decisions unless they are "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (1994). Whether the Board has jurisdiction to review a particular appeal is a question of law that this court reviews without deference. *Herman v. Dep't of Justice*, 193 F.3d 1375, 1378 (Fed.Cir. 1999).

The burden of showing jurisdiction is on the petitioner. *Id.* The Board need not hold a hearing to determine whether it has jurisdiction unless the petitioner "raises nonfrivolous allegations of controverted jurisdictional facts on which the [Board's] jurisdiction is clearly established if these facts are proven." *Waldau v. Merit Sys. Prot. Bd.*, 19 F.3d 1395, 1402 (Fed.Cir. 1994). The Board has jurisdiction over a decision by an employee to accept a demotion only if the employee shows that the decision was involuntary. *Staats v. United States Postal Serv.*, 99 F.3d 1120, 1124 (Fed.Cir.1996). An employee can demonstrate that the decision was involuntary by showing that the agency coerced the employee into making the decision. *Id.* Examples of agency coercion include inducing resignation or demotion by threatening to take disciplinary action that the agency

knows it cannot substantiate and taking steps to force an employee to leave without having any legitimate agency purpose in taking such steps. *Id.* The coercion determination is an objective one, so Mr. Shores' subjective feelings are irrelevant. *Middleton v. Dep't of Defense,* 185 F.3d 1374, 1379 (Fed.Cir.1999). Mr. Shores must make factual allegations that, if proven would show that a reasonable employee confronted with Mr. Shores' circumstances would have been coerced into accepting a lower-grade position. *Id.*

Mr. Shores has not raised factual allegations that, if proven, would show that the Air Force coerced him into accepting the lower-grade position. With regard to the incidents described in the timeline, the administrative judge correctly noted that the timeline ends almost nine months before Mr. Shores' reduction in grade. The effect of such incidents on Mr. Shores' decision would not be so great as to deprive him of his freedom of choice. Also, most descriptions in the timeline do not establish that Ms. Quandt's actions in the incidents were improper. The incidents only appear improper because of Mr. Shores' conclusions regarding the incidents (i.e., statements that Ms. Quandt's actions were "unreasonable," "unfair," "thoughtless," etc.). Such conclusions are not factual allegations.

The threatened performance improvement plan, although a precursor to discipline, is not itself a disciplinary action. The Air Force would only have taken disciplinary action against Mr. Shores after completion of the performance improvement plan. Mr. Shores has not alleged that the agency actually threatened him with any disciplinary action. Thus, the threat of the performance improvement plan, even if proven, would not support a finding of coercion.

Mr. Shores apparently agrees that the threatened performance improvement plan and the incidents described in the timeline are not factual allegations that, if proven, would support the Board's jurisdiction. However, Mr. Shores argues that the administrative judge prematurely suspended discovery, thereby denying Mr. Shores the opportunity to make his case. This court will not overturn the administrative judge's decision to suspend discovery unless Mr. Shores shows that the administrative judge abused his discretion and that the abuse was both clear and harmful. *Markland v. Office of Pers. Mgmt.,* 140 F.3d 1031, 1036 (Fed.Cir.1998). Mr. Shores has not shown how additional discovery would help him make sufficient factual allegations or what additional discovery activities he intends to pursue. In these circumstances, this court cannot say that the administrative judge abused his discretion in suspending discovery activities to consider the jurisdictional issue.

Mr. Shores also argues that the Board erred by not considering the sex-based discrimination factors set forth in *Harris v. Forklift Systems, Inc.,* 510 U.S. 17, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993). The Supreme Court in *Harris* set forth the standard for determining whether abusive work environment harassment violates Title VII of the Civil Rights Act of 1964. *Id.* at 20–23, 114 S.Ct. 367. The employee there was not required to show coercion, and the Court did not discuss the standard for determining whether an employer coerced an employee into resigning or accepting a demotion. *Id.* In contrast, the Board lacked jurisdiction over Mr. Shores' appeal unless Mr. Shores made nonfrivolous factual allegations that, if proven, would establish that the Air Force coerced him into accepting the lower-grade position. Accordingly, the *Harris* standard does not apply to the Board's jurisdictional determination, and the Board did not err

by not discussing the factors set forth in *Harris.*

Because Mr. Shores has not made non-frivolous factual allegations that, if proven, would clearly establish that Mr. Shores' acceptance of a lower-grade position was involuntary, this court affirms.